UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: SONIC CORP. CUSTOMER
DATA SECURITY BREACH LITIGATION                    MDL No. 2807

TRANSFER ORDER

**Before the Panel**:[*] Plaintiffs in two Western District of Oklahoma actions, listed on Schedule A, move under 28 U.S.C. § 1407 to centralize this litigation in the Western District of Oklahoma.[1]  This litigation consists of five actions pending in three districts, as listed on Schedule A.[2]  Plaintiffs in the remaining Western District of Oklahoma action and the District of Oregon action support the motion or, alternatively, support centralization in the Northern District of Ohio. Plaintiffs in the District of Nevada action and the Northern District of Ohio potential tag-along action support centralization in the Northern District of Ohio.  Defendant Sonic Corp. opposes centralization or, alternatively, supports centralization in the Western District of Oklahoma.

On the basis of the papers filed and the hearing session held, we find that centralization under Section 1407 in the Northern District of Ohio will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation.  These actions—all of which are putative nationwide class actions—share factual issues concerning an incident in which Sonic's point-of-sale system was breached, allowing computer hackers to gain access to up to 5 million individuals' personally identifiable information.  Centralization will eliminate duplicative discovery; prevent inconsistent pretrial rulings on class certification and other issues; and conserve the resources of the parties, their counsel, and the judiciary.

---

[*] Judge Lewis A. Kaplan and Judge Ellen Segal Huvelle took no part in the decision of this matter.  Additionally, one or more Panel members who could be members of the putative classes in this litigation have renounced their participation in these classes and have participated in this decision.

[1] After the conclusion of briefing, the Western District of Oklahoma actions were reassigned to a newly-appointed judge, and movants changed their position to also support centralization in the Northern District of Ohio or, alternatively, in the District of Nevada.  The actions have since been reassigned to the initially-assigned judge.

[2] The Panel also has been notified of three potentially-related actions pending in the District of Arizona, the Northern District of Ohio, and the Northern District of Texas.  These and any other related actions are potential tag-along actions.  *See* Panel Rules 1.1(h), 7.1, and 7.2.

-2-

In opposing centralization, defendant argues, *inter alia*, that (1) informal cooperation is preferable to Section 1407 centralization, (2) unique facts and circumstances predominate over common questions of fact, and (3) the common factual issues are not sufficiently complex to warrant centralization, particularly as the litigation involves only one defendant. Section 1407 "does not require a complete identity of common factual issues or parties as a prerequisite to transfer, and the presence of . . . differing legal theories is not significant where, as here, the actions still arise from a common factual core." *In re: Auto Body Shop Antitrust Litig.*, 37 F. Supp. 3d 1388, 1390 (J.P.M.L. 2014). The factual overlap among these actions is substantial, as they all arise from the same data breach, and all allege that Sonic failed to put in place reasonable data protections. All actions allege similar claims, including for negligence. The Panel previously has centralized a similar number of data breach actions, even those involving a lone defendant. *See In re: Sprouts Farmers Market, Inc., Employee Data Sec. Breach Litig.*, 232 F. Supp. 3d 1348 (J.P.M.L. 2016).

We are persuaded that the Northern District of Ohio—a centrally-located and easily accessible location—is an appropriate transferee forum for this litigation. All responding plaintiffs support this district, in the first instance or in the alternative. The Northern District of Ohio potential tag-along action is assigned to Judge James S. Gwin, an experienced transferee judge who we are confident will steer these cases on a prudent course.

IT IS THEREFORE ORDERED that the actions listed on Schedule A are transferred to the Northern District of Ohio, and, with the consent of that court, assigned to the Honorable James S. Gwin for coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

_____
Sarah S. Vance
Chair

Marjorie O. Rendell       Charles R. Breyer
R. David Proctor         Catherine D. Perry

**IN RE: SONIC CORP. CUSTOMER
DATA SECURITY BREACH LITIGATION**                    MDL No. 2807

### SCHEDULE A

District of Nevada

DOLEMBO v. SONIC CORP., C.A. No. 2:17-02524

Western District of Oklahoma

HUFFER, ET AL. v. SONIC CORP., C.A. No. 5:17-01032
RAMIREZ v. SONIC CORP., C.A. No. 5:17-01044
LEWIN, ET AL. v. SONIC CORP., C.A. No. 5:17-01047

District of Oregon

VANDERZANDEN, ET AL. v. SONIC CORP., C.A. No. 3:17-01528